**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

WILLIAM C. O'HARA,                    *

      Plaintiff,                         *

v.                                    *           Case No.: PWG-13-543

NIKA TECHNOLOGIES, INC.,              *

      Defendant.                         *

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

**MEMORANDUM OPINION AND ORDER**

On February 20, 2013, Plaintiff William C. O'Hara filed suit against his former employer, NIKA Technologies, Inc. ("NIKA"), claiming that his termination was in violation of the anti-retaliation clause of the False Claims Act, 31 U.S.C. § 3729 *et seq.*, and § 1553(a) and (c)(2)–(3) of the American Recovery and Reinvestment Act of 2009, Pub. L. No. 111-5. Compl., ECF No. 1. At the time he filed suit, he had a Chapter 7 case pending in the United States Bankruptcy Court for the District of Maryland, Baltimore Division, Case No. 12-29652-DER.[1] Goldstein Decl. ¶¶ 2, 3, Tr.'s Mot. Att., ECF No. 34-2. Plaintiff disclosed this suit as an asset of his estate on May 22, 2013, at a meeting of creditors, but he did not list it on his schedule of assets in his bankruptcy case until April 29, 2014. *Id.* ¶¶ 4–5; Tr.'s Mem. 3, ECF No. 34-3. On June 18, 2014, the trustee of his bankruptcy estate, Charles R. Goldstein ("Trustee"), filed a motion to join Plaintiff's civil case as a party plaintiff pursuant to Fed. R. Civ. P. 17(a), asserting that he is a real party in interest. Tr.'s Mot. 1, ECF No. 34; *see* Goldstein Decl. ¶ 8. Defendant

---

[1] The Chapter 7 case still was pending at the time of the parties' filings, *see* Tr.'s Reply & Pl.'s Opp'n 13, and the parties have not notified the Court as to any change in its status.

agrees that the Trustee is a real party in interest but opposes the Trustee's Motion on grounds of timeliness. Def.'s Opp'n & Mot. to Dismiss, ECF No. 39.[2] Defendant also moves to dismiss Plaintiff's case for lack of subject-matter jurisdiction or, alternatively, on the basis of judicial estoppel or failure to prosecute. *Id.* Because the Trustee's Motion is timely, I will grant it and deny Defendant's motion to dismiss for failure to prosecute or lack of subject matter jurisdiction. I also will deny Defendant's motion based on judicial estoppel because I cannot conclude on the record before me that Plaintiff acted intentionally in delaying the amendment of his bankruptcy schedules.

## I. REQUEST TO STRIKE

Preliminarily, I will address Defendant's request to strike the Trustee's Motion on the basis that the Trustee's counsel, Jonathan Gould, had not received authorization from the bankruptcy court to appear as counsel in this case. Def.'s Opp'n & Mot. to Dismiss 14 n.4. The issue now is moot, as the bankruptcy court later authorized Mr. Gould to appear as the Trustee's counsel *nunc pro tunc* to June 16, 2014, Docket No. 110 in Bankr. Case No. 12-29652-DER, and Mr. Gould entered his appearance on behalf of the Trustee on June 18, 2014, ECF No. 35. Therefore, I will not strike the Trustee's Motion.

## II. TIMELINESS

Defendant argues that the Trustee's Motion should be denied and the case dismissed for failure to prosecute because the Trustee delayed thirteen months after learning of this case before filing his Motion, and he filed it five months after the deadline for joinder established in the Scheduling Order in this case. Def.'s Opp'n & Mot. to Dismiss 1. As Defendant sees it, the

---

[2] Because Defendant's Opposition clearly incorporates a motion to dismiss, which the parties have briefed fully, ECF Nos. 39–41, I will construe it as an Opposition and Motion to Dismiss. *See* Fed. R. Civ. P. 1. A hearing is not necessary on the pending motions. *See* Loc. R. 105.6.

Trustee's Motion would modify the Scheduling Order[3] and, "after the deadlines provided by a scheduling order have passed, a scheduling order 'may be modified only for good cause and with the judge's consent,'" but "the Trustee has not demonstrated good cause for why this Court's Scheduling Order should be modified at the eleventh hour." *Id.* at 6 (quoting Fed. R. Civ. P. 16(b)(4)). Defendant also contends that the Trustee failed to show "excusable neglect" to merit an extension of time under Fed. R. Civ. P. 6(b). *Id.* at 8 n.1. Similarly, Defendant contends that "case should be dismissed for failure to prosecute" because the Trustee failed to file his Motion "within a 'reasonable time'" under Fed. R. Civ. P. 17(a)(3). *Id.* at 13.

The Trustee counters that the Court should permit his joinder because "[l]eaving the trustee out of the case would negatively affect the creditors' interests in the bankruptcy court, as well as Mr. O'Hara's," and "penalize Mr. O'Hara's creditors." Tr. Reply & Pl.'s Opp'n 1–2. He insists that his filing is timely under Rule 17(a)(3) and not prejudicial to Defendant because "joining the trustee as a party changes nothing about this litigation." *Id.* at 2, 9. Defendant insists, vaguely, that it is prejudiced because it did not have the opportunity "to explore the legal consequences of the bankruptcy proceedings in a more efficient manner." Def.'s Reply 8.

Rule 17(a)(3) governs joinder of real parties in interest. It provides:

The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, *after an objection*, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

---

[3] The Scheduling Order set January 23, 2014 as the deadline for "[m]oving for joinder of additional parties and amendment of pleadings." ECF No. 18. Of course, the Scheduling Order provides deadlines for the parties to the case, not outside parties.

Fed. R. Civ. P. 17(a)(3) (emphasis added).  Subsection (a)(3) was "added simply in the interests of justice," specifically, 'to protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as res judicata." Fed. R. Civ. P. 17 advisory committee's notes to the 1966 amendments. Significantly, Defendant did not object until after the Trustee moved to join this action, at which point Defendant filed its Opposition and Motion to Dismiss.  *See* Docket.  Thus, although the Trustee may not have acted promptly after learning of this suit, the Trustee's joinder motion, which preceded the filing of Defendant's objection, necessarily met the requirement of Rule 17(a)(3)—the aim of which is to afford the real party in interest with an opportunity to prosecute the action.  *See* Fed. R. Civ. P. 17(a)(3).  Rule 17(a)(3) does not provide a basis for dismissal under these circumstances, and Defendant's motion to dismiss for failure to prosecute is denied.

As for Defendant's arguments that the "good cause" standard from Rule 16(b) applies, or that the "excusable neglect standard" from Rule 6(b) applies to prevent the Trustee from intervening, Defendant has not cited any authority to support its position.  Defendant relies on *Ruffin v. Lockheed Martin Corp.*, No. WDQ-13-2744, 2014 WL 2069988, at *6 n.10 (D. Md. May 15, 2014), as an example of a case in which this Court concluded that "'dismissal is appropriate' in spite of Rule 17(a)(3) where a trustee fails to 'move[] to intervene or otherwise inform[] the Court if [he] will intervene' for five months." Def.'s Reply 3 (quoting *Ruffin*, 2014 WL 2069988, at *6 n.10). It is true that in *Ruffin*, the Court dismissed Ruffin's suit because Ruffin lacked standing and the trustee in Ruffin's bankruptcy suit failed to intervene within five months of the bankruptcy court's order directing Ruffin to amend her petition.  2014 WL 2069988, at *6. The Trustee and Plaintiff distinguish *Ruffin*, contending that Plaintiff, unlike Ruffin, had standing to "proceed with this case, without joining the trustee, at least for his claims

for compensatory damages for emotional distress and pain and suffering." Tr.'s Reply & Pl.'s Opp'n 6.  They further distinguish *Ruffin* by arguing that Plaintiff's bankruptcy case still is pending, such that he, unlike the plaintiffs in the cases cited in *Ruffin*, can "make provisions with the trustee[] for administering in [his] bankruptcy estate the potential assets that exist[] in [his] court case[]," *id.*; and that Plaintiff, unlike Ruffin, had not violated an order of the bankruptcy court by taking eleven months to amend his schedules to list this case as an asset, *id.* at 7.

Curiously, neither party nor the Trustee supplemented its filings to notify the Court that Judge Quarles later granted Ruffin's motion for reconsideration of his May 15, 2014 ruling dismissing her suit.  *See Ruffin v. Lockheed Martin Corp.*, No. WDQ-13-2744, 2015 WL 127827 (D. Md. Jan. 7, 2015).  On reconsideration, the Court concluded that the delay of the trustee for Ruffin's bankruptcy estate "in moving to intervene [in Ruffin's civil action] was not . . . unreasonable," given that Ruffin's previous trustee "had delayed proceedings, withdrawn, and – mere weeks before, on April 21, 2014 – Goldman had been appointed as successor trustee."  *Id.* at *4.  Significantly, the Court cited one case in which a "four-month delay between defendant's standing objection and trustee's motion to intervene was reasonable," *id.* (citing *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp. 2d 681, 690 (W.D. Pa. 2011)), as well as another case in which it was an "abuse of discretion to dismiss discrimination claims when statute of limitations had expired, and impact on creditors was not considered," *id.* at *4 n.10 (citing *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 308–09 (5th Cir. 2001)), and further cited a case in which the court "grant[ed] [a] motion to substitute trustee when sixteen months had passed-without explanation-before trustee moved to intervene, when denial of [the] motion would [have left] creditors without a remedy," *id.* (citing *Rousseau v. Die mer*, 24 F. Supp. 2d 137, 143–44 (D. Mass. 1998)).  Here, similarly, denial of the Trustee's Motion would leave Plaintiff's creditors without

a remedy.  *See Wieburg*, 272 F.3d at 308–09; *Rousseau*, 24 F. Supp. 2d at 143–44.  Moreover, in

*Ruffin*, the Court did not consider the standard from Rule 16(b) or Rule 6(b), either initially or on

reconsideration, focusing instead only on Rule 17(a)(3).  *See Ruffin*, 2015 WL 127827, at *3;

*Ruffin*, 2014 WL 2069988, at *6 n.10.  Thus, in this case, where the bankruptcy case still is

pending, the delay is not contrary to any court order, and the joinder motion preceded the

Defendant's objection, the Trustee's delay is not unreasonable.  *See* Fed. R. Civ. P. 17(a)(3).

### III.    SUBJECT-MATTER JURISDICTION

Defendant also contends that Plaintiff's Complaint "should be dismissed for lack of

subject-matter jurisdiction because Plaintiff lacks standing as a Chapter 7 bankruptcy debtor to

bring his claims."  Def.'s Opp'n & Mot. to Dismiss 1.  Certainly, the general rule is that, when "a

cause of action is part of the estate of the bankrupt," as is the case here, "then the trustee alone

has standing to bring that claim." *Nat'l Am. Ins. Co. v. Ruppert Landscaping Co.*, 187 F.3d 439,

441 (4th Cir. 1999).   Yet Plaintiff argues that he "has standing to pursue his claims for

compensatory damages" because Md. Code Ann., Cts. & Jud. Proc. § 11-504(b)(2) "exempts

from a creditor's reach" damages for emotional injury.  Tr.'s Reply & Pl.'s Opp'n 5.  It is true

that Plaintiff seeks, in addition to reinstatement, back pay, and double back pay, "compensatory

damages in excess of $500,000 for the emotional pain, mental anguish, anxiety, depression and

loss of enjoyment of life he suffered." *Id.*  Additionally, in bankruptcy court, Plaintiff claimed

an exemption of $500,000 for this lawsuit pursuant to Cts. & Jud. Proc. § 11-504(b)(2) and (f).

Am. Sched. B & C, Def.'s Opp'n & Mot. to Dismiss Ex. 3, ECF No. 39-3.  Because the Trustee

did not file a timely objection, it appears that Plaintiff may be entitled to the first $500,000 of

any recovery he may have in this case, such that he had standing to bring a subpart of the claims

he presented. *See* 11 U.S.C. § 522(*l*) ("The debtor shall file a list of property that the debtor

claims as exempt . . . . Unless a party in interest objects, the property claims as exempt on such list is exempt."); Fed. R. Bankr. P. 4003(b) (providing that parties in interest have thirty days to object to listed exemptions); *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643–44 (1992) (citing § 522(*l*) and Rule 4003(b)).

Regardless, Rule 17 simply does not provide for dismissal under these circumstances; rather, it guards against dismissal. As noted, Rule 17 provides that "[t]he court *may not dismiss an action* for failure to prosecute in the name of the real party in interest" until the real party fails to move to intervene after a party lodges an objection to its absence. Fed. R. Civ. P. 17(a)(3) (emphasis added). And the initial lack of subject matter jurisdiction is not an issue because, after joinder, "the action proceeds as if it had been originally commenced by the real party in interest." *See id.* The Trustee filed his joinder motion within a reasonable time, and I will grant his motion, and therefore I will not dismiss this action for lack of subject matter jurisdiction. *See id.*

## IV. JUDICIAL ESTOPPEL

Alternatively, Defendant argues that "Plaintiff should be judicially estopped from bringing this action" because he did not comply fully with his disclosure obligations in bankruptcy court. Def.'s Opp'n & Mot. to Dismiss 11. "Judicial estoppel 'prevents a party from taking a position in a judicial proceeding that is inconsistent with a stance previously taken in court.'" *Ruffin*, 2015 WL 127827, at *5 (quoting *Zinkand v. Brown*, 478 F.3d 634, 638 (4th Cir. 2007); citing *In re Blair*, 319 B.R. 420, 439 (Bankr. D. Md. 2005)). This doctrine must be applied "'with caution.'" *Id.* (quoting *John S. Clark Co. v. Faggert & Frieden, P. C*, 65 F.3d 26, 29 (4th Cir. 1995)). In the bankruptcy context, "[i]f the debtor does not list a claim [as personal property], or does not amend the petition to include a subsequent claim, judicial estoppel could bar the debtor from bringing the claim in a later suit." *Id.* (citing *Calafiore v. Werner Ents., Inc.,*

418 F. Supp. 2d 795, 797 (D. Md. 2006); *In re U.S. internetworking, Inc.*, 310 B.R. 274, 281

(Bankr. D. Md. 2004); *In re Blair*, 319 B.R. 420).

> Estoppel applies if (1) a party seeks to adopt an inconsistent factual position [such as omission of an EEOC charge on the schedules] from one taken in prior litigation; (2) the court accepted the prior position; and (3) the party "intentionally misled the court to gain unfair advantage." *Zinkand*, 478 F.3d at 638 (quoting *Tenneco Chems., Inc. v. William T. Burnett & Co.*, 691 F.2d 658, 665 (4th Cir.1982)); *Dashiell v. Meeks*, 396 Md. 149, 171, 913 A.2d 10, 22 (2006).

*Ruffin*, 2015 WL 127827, at *5 (emendation in *Ruffin*) (footnote omitted).

Under the last element, a party "must have acted intentionally, not inadvertently." *Folio v. City of Clarksburg, W. Va.*, 134 F.3d 1211, 1217 (4th Cir. 1998).   In *Ruffin*, the Court observed that the party's intent, that is, "[t]he 'bad faith' requirement of the third element," is "the 'determinative factor.'"   2015 WL 127827, at *5 (citing *John S. Clark Co.*, 65 F.3d at 28; *Calafiore*, 418 F. Supp. 2d at 798)).

> Inadvertence may be found when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *In re Coastal Plains, Inc.*, 179 F.3d 197, 210 (5th Cir. 1999). "If [an] undisclosed claim would have added assets to the bankruptcy estate, ... [the debtor] will usually be deemed to have had a motive to conceal those claims." *Calafiore*, 418 F. Supp. 2d at 798.

*Ruffin*, 2015 WL 127827, at *5.

Focusing on this last element, the parties do not dispute that Plaintiff did not include his administrative claim, which preceded his civil action, on the bankruptcy schedules, or that he amended the schedules to reflect his civil action, but not promptly.   *See* Def.'s Opp'n & Mot. to Dismiss 12; Tr.'s Reply & Pl.'s Opp'n 12–14; Def.'s Reply 5–7. Plaintiff insists that "[h]e has committed no 'perjury' or fraud on [the bankruptcy] Court or in this Court, and he had no motive to do so," but rather "[h]e disclosed the existence of this action in the bankruptcy court the first time he appeared personally at a meeting of creditors." Tr. Reply & Pl.'s Opp'n 2.   He insists

that it was "inadvertence and not . . . bad faith" that caused his delayed disclosure. *Id.* According to Plaintiff, "[h]aving already disclosed the litigation at the meeting of creditors, he simply did not understand that he needed to do so and he was not attempting to commit perjury, defraud this court or the bankruptcy court or gain any advantage by not doing so earlier." *Id.* at 4.

Defendant replies that Plaintiff should have listed his administrative claim "[b]ut he failed to [do so], knowing full well that he would file a complaint in court against NIKA—and did so within 4 months after filing his bankruptcy proceeding." Def.'s Reply 5–6. Defendant insists that "a debtor's lack of awareness as to [his] disclosure duties in a bankruptcy action is not relevant to the question of judicial estoppel.'" *Id.* at 6 (quoting *Vanderheyden v. Peninsula Airport Comm'n*, No. 12CV46, 2013 WL 30065 (E.D. Va. Jan. 2, 2013)). As Defendant sees it, Plaintiff's diligent pursuit of his claims in this Court belies any inadvertence in his delay or failure to disclose in the bankruptcy court. *Id.* at 6–7. Defendant asserts that "a debtor 'will usually be deemed to have had a motive to conceal [undisclosed claims]' if the claim 'would have added assets to the bankruptcy estate,' regardless of what the debtor asserts." *Id.* at 7 (quoting *Calafiore*, 418 F. Supp. 2d at 798).

In *Ruffin*, the defendant argued that the plaintiff "intentionally failed to disclose her EEOC charge to lower 'the amount of assets which could have been disbursed to creditors.'" 2015 WL 127827, at *5. According to the plaintiff, "it was a mistake," as "she thought 'the EEOC investigation ... had to be finished before anything could be done with the courts.'" *Id.* The Court said that it could not "conclude that Ruffin acted in bad faith," given that she "filed her Chapter 7 bankruptcy petition when the EEOC investigation was pending, and amended it to include her discrimination claims." *Id.*

Here, similarly, Plaintiff amended his bankruptcy schedules to include his civil action, and Plaintiff previously disclosed this case at a meeting of creditors.  Although he did not act promptly, he explains that he thought that his disclosure at the meeting of creditors was sufficient.  His bankruptcy case still is pending, so none of his creditors is harmed by his delay.  Thus, there does not appear to be any "cold manipulation of the courts to the detriment of the public interest," which is "[t]he vice which judicial estoppel prevents." *John S. Clark Co.*, 65 F.3d at 29.  Exercising the caution that I must in applying this doctrine, I cannot conclude that Plaintiff acted intentionally.  *See id.*; *Ruffin*, 2015 WL 127827, at *5; *see also Smith–Anthony v. Buckingham Mortgage Corp.*, No. WDQ–09–0698, 2009 WL 2500445, at *3 (D. Md. Aug.13, 2009) (denying motion to dismiss on basis of judicial estoppel because Court could not "determine [plaintiff's] intent in not including these claims in her bankruptcy petition").  Defendant's motion to dismiss on this ground is denied.

## V.    CONCLUSION

In sum, the Trustee's Motion for Joinder, ECF No. 34, IS GRANTED, and Defendant's Opposition, ECF No. 39, construed as an Opposition and Motion to Dismiss, IS DENIED.

So ordered.

Date: March 4, 2015                                    _____/S/_____
                                                        Paul W. Grimm
                                                        United States District Judge

lyb